**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. SARAH J. KOSECHEQUETAH, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 15-CV-344-GKF-TLW ) |
| 1. BURRITO CONCEPTS, LLC d/b/a QDOBA, a foreign limited liability company, | ) JURY TRIAL DEMANDED ) ) ATTORNEY'S LIEN CLAIMED |
| Defendant. | ) FOR THE FIRM |

## COMPLAINT

COMES NOW the Plaintiff, Sarah J. Kosechequetah, ("Plaintiff"), through undersigned counsel, and hereby submits the following Complaint against Burrito Concepts, LLC, ("Defendant"), and does state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a)(4) and 28 U.S.C. §1331. Jurisdiction is also invoked pursuant to 28 U.S.C. § 1367, for any supplemental state law claims.

2. This action arises under 42 U.S.C. §2000e and the laws of the State of Oklahoma.

3. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. §2202, as are compensatory and punitive damages.

4. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil and the above statutes.

5. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. §1391(c), as the claims herein arose in this judicial district.

## PARTIES

6. Plaintiff was at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma, and is a female.

7. Defendant was and is now existing under the laws of the State of Missouri, and is, and was

at all times hereinafter mentioned, qualified to do and to transact business in the City of Tulsa, Tulsa County, State of Oklahoma.

8. In conformance with Title VII statutory prerequisites, Plaintiff filed a Charge of Discrimination with the EEOC, on or about November 14, 2014. The EEOC issued a Right to Sue letter on March 25, 2015, (attached as Exhibit "1" and hereby incorporated by reference as though fully set forth herein) which was not received by Plaintiff until March 28, 2015.

## OPERATIVE FACTS

9. Plaintiff was subjected to gender discrimination and retaliation during her employment with Defendant and her employment was constructively terminated due to the discriminatory acts of Defendant and its agents and/or employees..

10. Plaintiff was initially hired by Defendant on August 20, 2012 and, after completing her training, was initially placed at Defendant's location of 71st Street in Tulsa, OK.

11. At the time Plaintiff was hired, she was informed by David Estes, Defendant's Chief Financial Officer, that she would receive an evaluation and pay raise after her first 90 days of employment.

12. Prior to the expiration of the first 90 days of Plaintiff's employment, at the end of August of 2012, she learned that she was pregnant and informed Mr. Estes of this fact. After being informed of Plaintiff's pregnancy, Mr. Estes informed Plaintiff's immediate supervisor, Derek Novotny (Regional Director of Operations) that he was not granting Plaintiff a raise as "getting pregnant was not part of our deal."

13. In August of 2013, Mr. Estes inquired of Plaintiff as to whether her husband was on Defendant's health insurance. When Plaintiff responded that he was not and asked why Mr. Estes wanted to know, he replied "Well, that is too bad. It's only a $30 co-pay to get a vasectomy through our insurance. Hell, I would have paid the $30 for him to get it done."

14. Plaintiff was transferred throughout her employment to various stores in the Tulsa, OK

market to address deficiencies present in those stores. By virtue of the strengths she exhibited in turning these stores around, Plaintiff was awarded the General Manager / Training Manager position at Defendant flagship store located on Cherry Street in Tulsa, OK.

15. During the time that Plaintiff served at the Cherry Street location, she learned that she was not receiving bonuses comparable to similarly situated male General Managers. She determined, through talking to the male General Managers, that they were regularly receiving bonuses that were many times larger than the bonuses she received, if she even received a bonus. Plaintiff attempted to address this with both Mr. Novotny and Mr. Estes, to no avail. Ultimately, Plaintiff contacted Randy Allen, one of the owners of Defendant, and informed him that she had increased his revenue by approximately $35,000 but had not received a bonus commensurate with that and had not, after her request, received a breakdown of the bonus pay that she did receive to determine whether it was correct or not. Mr. Allen advised Plaintiff that he would look into it and get back in touch with her but he never did.

16. On or about March 19, 2014, Mr. Estes advised Plaintiff that he intended to offer her a pay increase to relocate and become the General Manager over Defendant's Stillwater, OK facility. Plaintiff expressed interest in this position and was told that the pay would increase to an additional $7,000.00 per year if she accepted the transfer. Additionally, Plaintiff would be evaluated after 60 days and would then receive an additional pay raise. During this conversation, Mr. Estes advised Plaintiff that he was, however, hesitant to make this offer to her as she "can't guarantee me that you won't get pregnant again."

17. Subsequently, Plaintiff learned that Mr. Estes had placed another male employee, Mike Bastin, in the General Manager position in Stillwater until another male employee, then serving as the Assistant Manager of that location, was ultimately promoted to the position in late-May or early-June of 2014.

18. Shortly after she learned that a less-qualified male had been placed in the Stillwater location, Plaintiff tendered her resignation and advised that her intent was to leave employment with

Defendant in the next two to three months.

19. Plaintiff's immediate supervisor, Derek Novotny, became aware of the gender discrimination that Plaintiff was being subjected to by Mr. Estes and reported that, as well as other discriminatory acts he observed Mr. Estes engage in, to Defendant's Human Resources Department but nothing was ever done to address his complaints.

20. Mr. Novotny advised Plaintiff that he had reported Mr. Estes' discriminatory treatment of Plaintiff to Defendant's Human Resources department and was attempting to address the issue on her behalf but that his complaints were being ignored.

21. In June of 2014, after reporting the discriminatory treatment to Defendant's Human Resources department, Mr. Novotny was terminated from employment by Mr. Estes.

22. Shortly after his termination, Mr. Novotny began contacting Plaintiff to obtain information regarding the discrimination she, as well as other employees, had been subjected to so that he could address Mr. Estes' behavior.

23. Subsequently, in mid-June of 2014, Mr. Estes began calling Plaintiff and inquiring as to whether she was talking to Mr. Novotny. Mr. Estes advised Plaintiff that she "needed to be loyal to him and not talk to people who caused dissension during their employment" and ordered her to tell him what she had discussed with Mr. Novtny. Plaintiff refused and, shortly thereafter, resigned her employment.

24. Defendant's refusal to do anything to correct the gender discrimination, and the subsequent retaliatory conduct of Mr. Estes' after he learned Plaintiff was talking to Mr. Novotny, caused Plaintiff great emotional and physical distress during Plaintiff's employment and resulted in her resignation.

25. As a direct result of the extreme and outrageous treatment to which Plaintiff was subjected by Defendant, Plaintiff has suffered physical and emotional symptoms that continue through the present.

## FIRST CLAIM FOR RELIEF

## (GENDER DISCRIMINATION IN VIOLATION OF TITLE VII)

26. For the First Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

27. That, as a member of a protected class, to wit: female, Plaintiff is protected by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

28. That the disparate treatment of Plaintiff by Defendant and its employees and/or agents was a direct result of discrimination on the basis of her gender as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

29. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on her gender, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

30. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

31. That the conduct complained of constitutes illegal gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant was in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF

## (HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII)

32. For the Second Claim, Plaintiff re-alleges and incorporates by reference the foregoing paragraphs and states:

33. That Plaintiff was subjected to discriminatory conduct, and that the motivating reason for this treatment was based on her gender, as prohibited by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

34. That said conduct has had the purpose or effect of unreasonably interfering with Plaintiff's work performance;

35. That said conduct created an intimidating and hostile working environment for Plaintiff;

36. That said conduct was repeated frequently while Plaintiff was employed by Defendant;

37. That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice of the circumstances by Plaintiff or by allowing the acts to occur after receiving actual or constructive notice of those acts.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## THIRD CLAIM FOR RELIEF

## (RETALIATION IN VIOLATION OF TITLE VII)

38. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

39. That as a direct and proximate result of Plaintiff's protected act and/or perceived protected act of assisting another employee who had reported the discrimination Plaintiff was subjected

   to by Defendant's agents and/or employees, Plaintiff was retaliated against by Defendant.

40. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected due to the on-going retaliation directed towards Plaintiff.

41. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

  **WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF THE OKLAHOMA WAGE AND HOUR LAWS)

42. Plaintiff incorporates and re-alleges the above paragraphs as though fully set forth herein and would further state as follows:

43. At all times relevant to the filing of this cause of action, 40 O.S. §§ 165.9 *et seq.* prohibited an employer from refusing to pay wages earned by an employee.

44. Defendant refused to pay the full amount of bonuses earned by Plaintiff throughout her employment.

45. The aforementioned refusal was in direct violation of 40 O.S. §§ 165.1 *et seq.*

46. As a direct and proximate result of Defendant's willful violation of 40 O.S. §§ 165.1, *et seq.*, Plaintiff has suffered, and continues to suffer, loss of income in an amount in excess of

$10,000.00.

47. Pursuant to 40 O.S. § 165.9, Plaintiff is also entitled to liquidated damages for Defendant's failure to pay wages; costs and fees of any nature; and reasonable attorneys fees for bringing this action.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of unpaid wages; liquidated damages; costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

ARMSTRONG & VAUGHT, P.L.C.


 */s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, Oklahoma 74114
(918) 582-2500
(918) 583-1755 (facsimile)
cvaught@a-vlaw.com
**Attorney for Plaintiff**